## Bingham and Duff v. Smith.

(Decided October 23, 1923.)

## Appeal from Perry Circuit Court.

1. Elections—Motion to Make Notice of Election Contest More Specific Must be Made Before Answer.—Motion to make notice of nomination contest more specific must be made before answer is filed.
2. Elections—Candidate, Not Shown to have Known of, or Participated in, Violations of Corrupt Practice Act, Held Entitled to Nomination.—Candidate, not shown to have known of, or participated in, violations of Corrupt Practice Act by his friends and workers, held entitled to nomination for county judge, under Ky. Stats., section 1565b-11, as against candidate who received more votes, but knew of and participated in, such violations, and candidate receiving fewer votes.

SOUTH STRONG, T. T. COPE and W. W. BAKER for appellant Bingham.

H. C. EVERSOLE, B. P. WOOTTON and MORRIS JONES for appellant Duff.

JOHN D. CARROLL, MORGAN, EVERSOLE & BOWLING, J. A. SMITH, JOHN S. CARROLL and MOORE & MOORE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

T. G. Bingham and E. C. Duff, Jr., have appealed from a judgment of the Perry circuit court awarding to appellee, J. A. Smith, the Republican nomination for county judge.

This case has been heard before, see 210 Ky. 256, 275 S. W. —. On the first appeal a demurrer had been sustained to Bingham's notice of contest, and this court reversed the judgment, and said the notice was good on demurrer, and that the proper way to attack it for indefiniteness was by a motion to make it more specific.

Upon the return of the case Smith made such a motion, which the court properly overruled, as he had already answered, and a motion to make more specific must be made before answer is filed. See Eaton, et al. v. Green River Coal & Coke Co., 157 Ky. 159, 162 S. W. 807.

The evidence shows the Corrupt Practice Act was violated by friends and workers of both Smith and Duff.

Smith received 1,742 votes, but must lose the nomination because of his proven knowledge of and participation in the violations of the act. Appellant Duff received the next highest vote, 1,290, and as the evidence does not show that he knew of or participated in any violations of the Corrupt Practice Act, he is entitled to the nomination under section 1565b-11 of the statutes. Bingham received 841 votes, but the nomination can not go to him because he failed to show that Duff had been guilty of any corrupt practice.

The judgment is reversed and cause remanded for consistent proceedings. The clerk will issue mandate immediately.

The whole court sitting.